UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D.O.N.C., a French limited
liability company,

    Plaintiff,

v.

BPH MICHIGAN GROUP, LLC,
a Michigan limited liability company,
and ANTOINE GENDRE,

    Defendants.
_____/

Case No. 20-11265

Hon. George Caram Steeh

OPINION AND ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANTS' MOTION TO DISMISS (ECF NO. 7)

Defendants BPH Michigan Group, LLC, and Antoine Gendre seek dismissal of Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons explained below, Defendants' motion is granted in part and denied in part.

BACKGROUND FACTS

Plaintiff D.O.N.C. alleges that Defendants breached a contract to pay it a finder's fee. Plaintiff agreed to introduce its clients to Defendants, who have properties for sale in Detroit, Michigan. In return, Defendants agreed to pay Plaintiff an 11% finder's fee for each sale made to one of Plaintiff's

-1-

clients. Plaintiff would also receive a finder's fee when certain properties (on the "Exclusive Property List") were sold, regardless of the identity of the buyers. According to Plaintiff, the contract includes a non-competition clause, which provides that Defendants shall not solicit individuals that are Plaintiff's clients or affiliates. ECF No. 1 at ¶¶ 12, 14, 17.

Plaintiff alleges that Defendants violated the contract by failing to pay the finder's fee for at least eight properties that Defendants sold to Plaintiff's clients. Plaintiff further contends that Defendants solicited Plaintiff's clients in violation of the non-competition provision. *Id.* at ¶¶ 20-22. According to Plaintiff, Defendants used other entities as intermediaries in an attempt to conceal sales and avoid paying Plaintiff the contractual fee. *Id.* at ¶¶ 25-26, 29.

Plaintiff's complaint alleges the following causes of action: Count I, breach of contract; Count II, unjust enrichment; Count III, unfair competition; Count IV, fraudulent inducement; Count V, tortious interference with business relationships; and Count VI, declaratory judgment. Defendants seek dismissal of Plaintiff's complaint in its entirety.

## LAW AND ANALYSIS

I. Standard of Review

A motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure seeks dismissal based upon the plaintiff's failure to state a claim upon which relief can be granted. To survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999) (internal quotation marks omitted).

II. Breach of Contract/Unjust Enrichment

Defendants argue that Plaintiff's breach of contract and unjust enrichment claims are barred by M.C.L. § 339.2512a.[1] This statute

---

[1] The court applies Michigan law in this diversity case. *See Maldonado v. Nat'l Acme Co.*, 73 F.3d 642, 644 (6th Cir. 1996) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938)).

provides that certain services, such as buying and selling real estate, require the provider to be a licensed real estate broker.

> "Real estate broker" means an individual or business entity that, with intent to collect or receive a fee, compensation, or valuable consideration, sells or offers for sale, buys or offers to buy, provides or offers to provide market analyses of, lists or offers or attempts to list, or negotiates the purchase, sale, or exchange of real estate . . . .

M.C.L. § 339.2501(u). *See also* M.C.L. § 339.2508. The statute further prohibits actions to recover a commission for the sale of real estate, unless the plaintiff is a licensed real estate broker:

> A person engaged in the business of, or acting in the capacity of, a person required to be licensed under this article, shall not maintain an action in a court of this state for the collection of compensation for the performance of an act or contract for which a license is required by this article without alleging and proving that the person was licensed under this article at the time of the performance of the act or contract.

M.C.L. § 339.2512a.

Defendants assert that Plaintiff may not recover under the contract or for unjust enrichment because it is seeking compensation for the sale of property and it is not a licensed real estate broker in Michigan. Defendants argue that an entity such as Plaintiff that serves as a "finder" for purchasers of real estate falls into the statutory definition of a real estate broker. This interpretation of the statute has been rejected, however, by the Michigan

-4-

Supreme Court. *G.C. Timmis & Co. v. Guardian Alarm Co.*, 468 Mich. 416, 427 (2003).[2] The court noted that the statute "expressly requires that one be a licensed real estate broker only if, for a fee, one 'sells or buys' real estate or 'negotiates' a real estate transaction for another." *Id.* Acting as a "finder" does not fall within the statutory definition of real estate broker. *Id.* The statute "does not require one to be a licensed real estate broker when one merely performs a 'usual function' of a real estate broker, such as 'finding' a purchaser." *Id.*

Plaintiff alleges that the parties' contract does not require it to buy, sell, or negotiate the sale of real estate on behalf of Defendants.[3] ECF No. 1 at ¶ 13. Rather, the contract provides for Plaintiff to introduce its clients to Defendants and to receive a 11% fee if its clients purchase property from Defendants. *Id.* at ¶ 12. Plaintiff's function as a "finder" of purchasers does not fall into the definition of a real estate broker under *Timmis*.

The contract also contains a list of "exclusive" properties, for which Plaintiff is to receive a fee regardless of the identity of the buyer. ECF No. 1 at ¶ 14. Defendants characterize this as an exclusive listing of properties

---

[2] Defendants rely upon *Cardillo v. Canusa Extrusion Engin. Inc.*, 145 Mich. App. 361(1985), which was expressly abrogated by the Michigan Supreme Court in *Timmis*.

[3] For purposes of this Rule 12(b)(6) motion, the court accepts Plaintiff's allegations regarding the contract terms as true. Plaintiff has not attached the agreement to the complaint and Defendants have not attached it to their motion.

that Plaintiff offered for sale to its clients in France. ECF No. 10 at PageID 168-69. The complaint alleges, however, that the contract did not require Plaintiff to offer the properties for sale or to "provide any other services to Plaintiff's Affiliates other than acting as a finder for potential purchasers." ECF No. 1 at ¶ 13. At this stage of the proceedings, the court must accept the allegations in the complaint as true. The complaint sufficiently alleges that Plaintiff was not acting as a real estate broker under the parties' agreement. Therefore, Plaintiff's breach of contract and unjust enrichment claims are not subject to dismissal pursuant to Rule 12(b)(6).

   III.   Fraudulent Inducement

Plaintiff also asserts a claim for fraudulent inducement. "Parties are entitled to bring a fraud-in-the-inducement action when they are induced into entering an agreement on the basis of false representations." *Uhl v. Komatsu Forklift Co.*, 512 F.3d 294, 304 (6th Cir. 2008). However, "fraud in the inducement is not available for a breach of a contract's terms, lest fraud in the inducement claims swallow all breach of contract claims." *Id.* "[A] claim of fraud in the inducement, by definition, redresses misrepresentations that induce the buyer to enter into a contract but that do not in themselves constitute contract or warranty terms subsequently

breached by the seller." *Huron Tool and Eng'g Co. v. Precision Consulting Servs., Inc.*, 209 Mich. App. 365, 375 (1995).

Plaintiff alleges that it was fraudulently induced to enter the contract based upon Defendants' false representations that they would (1) pay a fee when certain properties sold; and (2) not solicit Plaintiff's clients. ECF No. 1 at ¶ 48. These allegedly false representations are identical to the contractual promises that Plaintiff alleges Defendants breached. Plaintiff does not allege "pre-contractual" conduct that "tricked [it] into contracting." *Huron Tool*, 209 Mich. App. at 371. The court may not "find fraud in the inducement where a party simply failed to uphold its side of the bargain." *Uhl*, 512 F.3d at 305. *See also DBI Investments, LLC v. Blavin*, 617 Fed. Appx. 374, 381 (6th Cir. 2015) (affirming dismissal of fraud claims which were "essentially claims of nonperformance of the relevant contract provisions"); *McLaren Reg'l Med. Ctr. v. CompleteRX, Ltd.*, 2017 WL 3034615, at *9 (E.D. Mich. July 18, 2017) (dismissing plaintiff's fraud count because it "pleads nothing more than that the defendant breached the contract by overcharging it"); *Indus Concepts & Eng'g, LLC v. Superb Indus., Inc.*, 2016 WL 3913711, at *8 (E.D. Mich. July 20, 2016) (dismissing fraud claims because "[t]here is no difference between the fraud alleged and [defendant's] purported breach of the contract"). Because Plaintiff has

failed to plead that Defendants made misrepresentations outside of the terms of the contract, it cannot state a claim for fraud in the inducement.

IV. Unfair Competition

Defendants also argue that Plaintiff has failed to state a claim for unfair competition under Michigan common law. "Unfair competition ordinarily consists in the simulation by one person, for the purpose of deceiving the public, of the name, symbols, or devices employed by a business rival, or the substitution of the goods or wares of one person for those of another, thus falsely inducing the purchase of his wares and thereby obtaining for himself the benefits properly belonging to his competitor." *Letica Corp. v. Sweetheart Cup Co.*, 790 F. Supp. 702, 706 (E.D. Mich. 1992). "The term unfair competition may encompass any conduct that is fraudulent or deceptive and tends to mislead the public." *Atco Indus., Inc. v. Sentek Corp.*, 2003 WL 21582962, at *3 (Mich. App. July 10, 2003). As the Michigan Court of Appeals recently explained,

> "[T]he common-law doctrine of unfair competition was ordinarily limited to acts of fraud, bad-faith representation, misappropriation, or product confusion." While it is not necessary to show that any particular person has actually been deceived by a defendant's actions, one could alternatively "show that such deception will be the natural and probable result of [a] defendant's acts." Put another way, "if there is no probability of deception, there is no unfair competition."

-8-

*Upper Peninsula Power Co. v. Vill. of L'Anse*, __ N.W.2d __, 2020 WL 6683062, at *7 (Mich. App. Nov. 12, 2020) (citations omitted).

In the complaint, Plaintiff alleges that Defendants agreed not to solicit its clients. Plaintiff asserts that Defendants violated this non-competition provision by soliciting its clients, selling them properties, and failing to pay the contractual fee. ECF No. 1 at ¶¶ 43-45. Thus, "Defendants have wrongfully, unfairly, unethically, and illegally appropriated Plaintiff's Affiliates without providing adequate remuneration to Plaintiff." *Id.* at ¶ 45.

Plaintiff fails to allege, however, that Defendants engaged in the type of deceptive conduct contemplated by the common law of unfair competition. Moreover, at most, Plaintiff alleges that Defendants breached the non-competition agreement. "As a tort, unfair competition requires breach of a 'duty separate and distinct from breach of contract.'" *Bar's Prod. Inc. v. Bars Prod. Int'l Inc.*, 662 Fed. Appx. 400, 411 (6th Cir. 2016) (citation omitted). Aside from the alleged breach of contract, Plaintiff fails to allege that Defendants engaged in deceptive or otherwise actionable conduct by soliciting its clients. Accordingly, Plaintiff has failed to state a claim for unfair competition.

V.  Tortious Interference

Plaintiff also asserts a claim for tortious interference with business relationships or expectancies. "The elements of tortious interference with a business relationship are the existence of a valid business relationship or expectancy, knowledge of the relationship or expectancy on the part of the defendant, an intentional interference by the defendant inducing or causing a breach or termination of the relationship or expectancy, and resultant damage to the plaintiff." *Dalley v. Dykema Gossett*, 287 Mich. App. 296, 323 (2010) (citation omitted). *See also Auburn Sales, Inc., v. Cypros Trading and Shipping, Inc.*, 898 F.3d 710, 715-16 (6th Cir. 2018).

In support of its tortious interference claim, Plaintiff alleges it had other investment opportunities for its clients, which it could have pursued and obtained a finder's fee, instead of introducing its clients to Defendants. *See* ECF No. 1 at ¶¶ 56-61. "Plaintiff had various other investment opportunities for Plaintiff's Affiliates, including advantageous relationships or expectancies with other sellers of real estate in and around Detroit, Michigan to whom Plaintiff could have introduced Plaintiff's Affiliates interested in purchasing said real estate or similar investments, and on which Plaintiff could have earned a similar Fee." *Id.* at ¶ 56. In essence, Plaintiff alleges that it sacrificed other business opportunities in favor of

directing its clients to Defendants. Plaintiff does not allege, however, that Defendants caused a termination or breach of Plaintiff's business relationship or expectancy with any third party. Accordingly, Plaintiff's tortious interference claim fails.

## CONCLUSION

IT IS HEREBY ORDERED that Defendants' motion to dismiss (ECF No. 7) is DENIED IN PART as to Counts I and II and GRANTED IN PART as to Counts III, IV, and V, consistent with this opinion and order.

Dated: November 24, 2020

                                          s/George Caram Steeh
                                          GEORGE CARAM STEEH
                                          UNITED STATES DISTRICT JUDGE