UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D.O.N.C.,
*a French limited liability company*,

        Plaintiff,

v.

BPH MICHIGAN GROUP, L.L.C., *a Michigan limited liability company*, and ANTOINE GENDRE, *an individual*,

        Defendants.
_____/

Case No. 2:20-cv-11265
District Judge George Caram Steeh
Magistrate Judge Anthony P. Patti

## OPINION and ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL DEFENDANTS TO FULLY RESPOND TO PLAINTIFF'S DISCOVERY REQUESTS (ECF No. 20)

**I.   OPINION**

    **A.   Background**

Plaintiff filed this lawsuit "to recover a contractual finder's fee Defendant BPH promised to pay Plaintiff on sales of Defendant BPH's real estate to Plaintiff's clients and affiliates," and to address "Defendants BPH and Gendre's unfair competition, fraud, and tortious interference with Plaintiff's established clients."  (ECF No. 1, PageID.2 ¶ 1.)  Since then, the Court has effectively dismissed Plaintiff's fraudulent inducement, unfair competition, and tortious interference claims (Counts II, IV, and V) and permitted Plaintiff's breach of

contract and unjust enrichment claims (Counts I and II) to move forward. (ECF No. 13, PageID.276.)

Defendants filed an answer on December 4, 2020. (ECF No. 14.) Pursuant to the Court's January 13, 2021 scheduling order, discovery is due by June 30, 2021 and the dispositive motion deadline is August 2, 2021. (ECF No. 19.)

### B. Instant Discovery Motion

Judge Steeh has referred this case to me for pretrial matters, excluding dispositive motions. (ECF No. 21.) By way of background, on November 25, 2020, Plaintiff served its first set of interrogatories (Nos. 1-9) and requests for production of documents (Nos. 1-15). (ECF No. 20-2.) On December 8, 2020, Plaintiff served a second set of requests for the production of documents (Nos. 1-3). (ECF No. 20-3.) On December 28, 2020, Defendants served responses to Plaintiff's first set of discovery requests, which – although timely – were limited to objections and did not contain substantive interrogatory answers or production of documents. (ECF No. 20-4.) Defendant did not respond to the second set of discovery requests until March 10, 2021, the day of the instant motion hearing, which is well-beyond the date they were due. *See* Fed. R. Civ. P. 33(b)(2), Fed. R. Civ. P. 34(b)(2)(A).

Currently before the Court is Plaintiff's January 21, 2021 motion to compel, wherein Plaintiff seeks "an Order compelling Defendants to fully and completely

respond to all Plaintiff's Discovery Requests within seven (7) days from the entry of the Order granting this Motion, all objections having been waived to Plaintiff's Second Set of Discovery[.]" (ECF No. 20, PageID.331.) Defendants have filed a response, and the parties have filed a joint list of unresolved issues. (ECF Nos. 23, 24.)

**II.   ORDER**

On March 10, 2021, the Court conducted a video hearing, at which Attorneys Benjamin I. Shipper and Douglas R. Swatosh appeared. (ECF No. 22.) For the reasons stated by the Court on the record, <u>all of which are incorporated by reference as if restated herein</u>, Plaintiff D.O.N.C.'s motion (ECF No. 20), is **GRANTED IN PART**. Preliminarily, Defendants' general objections (ECF NO. 20-4 at 354-356), their litany of objections, and their repeated reliance upon/incorporation of their general objections are **OVERRULED**, as explained on the record at length. As to Interrogatory No. 1 (ECF No. 20-4, PageID.356), Defendants' attorney-client privilege objection is **OVERRULED**, as there was no showing of an attorney-client communication that would somehow be revealed, and Defendants **SHALL** supplement their written answer if they have not already done so.

The issues set forth in the parties' joint list of unresolved issues (ECF No. 24) are addressed as follows:

- As to <u>Interrogatory No. 2 (ECF No. 20-4, PageID.356-357)</u>, Defendants must supplement their answer by giving facts known to them that "support, refute, or relate" to the defenses asserted in their answer (ECF No. 14). If Defendants are unable to show a good faith basis on which the defenses were pleaded, then they should consider withdrawing the defenses.

- As to <u>Interrogatory No. 3 (ECF No. 20-4, PageID.357)</u>, Defendants' relevance objection is **OVERRULED**; nonetheless, Defendants' prior litigation background has been answered.

- As to <u>Interrogatory No. 4 (*id*., PageID.357)</u>, Defendants' objections are **OVERRULED**, with the exception that Defendants' overbreadth objection is **SUSTAINED IN PART** as it relates to the definition of BPH Michigan Group, L.L.C. (*see* ECF No. 20-3, PageID.349, ¶ F), which – for purposes of this motion – will be *BPH Michigan Group L.L.C., its members, any entity in which Antoine Gendre has an interest, or Antoine Gendre himself*. Plaintiff is entitled to the "ownership, financial, or legal interest" sought by this discovery request, and Defendants **SHALL** supplement the answer accordingly.

- As to <u>Interrogatory No. 5,</u> which seeks property sale information (*id*., PageID.358), Defendants' objections are **OVERRULED**, with the exception that Defendants' overbreadth objection is **SUSTAINED IN PART**. Using the updated "BPH Michigan Group, L.L.C." definition, Defendants **SHALL** supplement this answer.

- As to <u>Interrogatory No. 6, which seeks further real estate sale information</u> (*id*., PageID.358), Defendants' objections are **OVERRULED**, with the exception that Defendants' overbreadth objection is **SUSTAINED IN PART.** Using the updated "BPH Michigan Group, L.L.C." definition, Defendants **SHALL** supplement this answer.

Although not listed within the joint list of unresolved issues (ECF No. 24),

Defendants will supplement Interrogatory Nos. 7 and 8 (ECF No. 20-4,

PageID.358-360), if necessitated by the updated "BPH Michigan Group, L.L.C." definition.

To the extent the joint list of unresolved issues concerns the Requests for Production (RFPs) (ECF No. 24, PageID.410-411):

- As for the first RFPs (ECF No. 20-2 [Nos. 1-15]), Defendants: **(a)** need not supplement the response to RFP 6; **(b) SHALL** supplement their response to RFP No. 7 to include settlement statements and transfer documents for properties sold; and, **(c) SHALL** supplement their response to RTP Nos. 9 and 10 as necessary.

- As for the second RFPs (ECF Nos. 20-3 [Nos. 1-3]), responses to which were produced on March 10, 2021, the parties are to meet and confer by video conference for at least an hour before filing any related discovery motion.

Whether concerning interrogatories or requests to produce, Defendants are reminded of their continuing duties under Fed. R. Civ. P. 26(e) ("Supplementing Disclosures and Responses.").

To the extent Plaintiff seeks "reasonable expenses incurred regarding this motion," (ECF No. 24, PageID.413), the request is **GRANTED** as consistent with Fed. R. Civ. P 37(a)(5)(C).  Plaintiff was largely successful on its motion.  With the exception of the December 28, 2020 objections (ECF No. 20-4), which mostly just incorporated the general objections which have now been overruled, Defendants' answers and/or responses did not occur until after the instant motion was filed on January 21, 2021.  *See* Fed. R. Civ. P. 37(a)(5)(A) ("…or if the …

5

requested discovery is provided after the motion was filed….")  This discovery sanction is only against Defendants, *i.e.*, not defense counsel, as the hearing made clear that the fault rests largely with the Defendant parties.  Having considered Plaintiff's counsel's time spent in relation to this motion and his billing rate, years in practice, and position within his firm, as well as the size and location of his firm, in addition to the Undersigned's own experience, the Court concludes that an hourly rate of $325 for this type of motion practice is reasonable.  Having considered the parameters of this particular motion, the Court concludes that Plaintiff should be reimbursed for 8 hours (a total of **$2600.00**), to be paid by Defendants BPH and Gendre to the law firm representing Plaintiff – Clark Hill PLC (500 Woodward Ave, Suite 3500, Detroit, MI 48226).

Finally, no later than **Wednesday, March 31, 2021**, Defendants shall:  (1) serve supplemental answers and/or responses required by this order, with all interrogatory answers being signed by the clients and provided under oath; and, (2) provide the above-ordered attorney fee reimbursement.

**IT IS SO ORDERED.**[1]

---

[1] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

Dated: March 16, 2021

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE