UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D.O.N.C.,
*a French limited liability company*,

        Plaintiff,

v.

BPH MICHIGAN GROUP, L.L.C., *a Michigan limited liability company*, and ANTOINE GENDRE, *an individual*,

        Defendants.
_____/

Case No. 2:20-cv-11265
District Judge George Caram Steeh
Magistrate Judge Anthony P. Patti

### ORDER GRANTING IN PART and DENYING IN PART PLAINTIFF D.O.N.C.'S MOTION FOR ENTRY OF AN ORDER TO SHOW CAUSE WHY DEFENDANTS SHOULD NOT BE HELD IN CONTEMPT FOR VIOLATING THIS COURT'S ORDER DATED MARCH 16, 2021 (ECF No. 28)

Judge Steeh has referred this case to me for pretrial matters, excluding dispositive motions. (ECF No. 21.) By way of background, on January 21, 2021, Plaintiff filed a motion to compel (ECF No. 20), which the Court granted in part on March 16, 2021 (ECF No. 25). In sum, the order addressed several objections, directed supplementation of certain discovery requests, awarded reasonable expenses in the amount of $2,600.00, and provided a deadline of March 31, 2021 by which to serve answers/responses and provide reimbursement. (ECF No. 25, PageID.417-420.)

Currently before the Court is Plaintiff's June 16, 2021 motion for entry of an order to show cause why Defendants should not be held in contempt for violating this Court's March 16, 2021 order.  (ECF No. 28.)  Defendants have filed a response (ECF No. 31), Plaintiff has filed a reply (ECF No. 32), and the parties have submitted a joint statement of unresolved issues regarding Interrogatory Nos. 4, 5 & 6 and Request to Produce No. 7.  (ECF No. 36).

On September 22, 2021, the Court conducted an in-person hearing, at which Attorneys Benjamin I. Shipper and Douglas R. Swatosh appeared.  (ECF Nos. 40, 43.)  For the reasons stated by the Court on the record, <u>all of which are incorporated by reference as if restated herein</u>, Plaintiff D.O.N.C.'s motion (ECF No. 28) is **GRANTED IN PART** and **DENIED IN PART**.  Preliminarily, Plaintiff's request for Defendants "to immediately show cause and explain why they have failed to comply with this Court's Discovery Order" was **GRANTED** by virtue of the September 22, 2021 hearing.

As for the specific discovery requests at issue, the request to produce outstanding information with regard to Interrogatory Nos. 4, 5, or 6 is **DENIED**. Among other reasons, the March 31, 2021 second supplemental response to Interrogatory No. 4 is compliant (ECF No. 28-2) – *i.e.*, the information being sought in this motion was not originally requested – and there is no certified translation on the record of the contract at issue from which the Court could

2

determine if certain other properties must necessarily have been owned by Defendants and, consequently, listed in the supplemental responses (*see* ECF No. 44). Nonetheless: (1) some clarification as to these responses is necessary, as detailed below; and, (2) should the forthcoming certified translation show that additional properties should have been listed in response to these interrogatories, the parties must meet and confer for at least our hour – either face-to-face or by video – before Plaintiff may initiate any further discovery on that issue (notwithstanding the prior close of discovery) or file any related motions.

The request to produce outstanding documents with regard to Request to Produce No. 7 is **GRANTED**. While the Court is not convinced that Defendants had the legal right to demand the information sought from title companies or real estate brokers, Defendant Gendre's June 30, 2021 declaration that he made an effort to seek information from "*the primary* title companies that we have worked with in the past" (ECF No. 31-4, PageID.501 ¶ 12 (emphasis added)) is not comprehensive, the March 31, 2021 deadline by which the Court ordered supplemental production admittedly passed without full compliance, and defense counsel admitted fault for failing to produce ten to fifteen deeds that have been in his possession since mid-July 2021. Accordingly,

- no later than **September 27, 2021**, Defendants shall produce all closing statements and deeds in their possession;

3

- no later than **October 6, 2021**, Defendants shall provide differentiation of the Supplemented List of Properties provided to Plaintiff (ECF No. 31-3) to make clear who the seller is for each property sale or transfer listed;

- no later than **October 6, 2021**, Defendants shall identify by name and address each of their title agencies or real estate brokers of which they are aware after reasonable, diligent efforts;

- notwithstanding the June 30, 2021 close of discovery (ECF No. 19), if Defendants have not fully responded to Interrogatory No. 6 by stating whether "BPH [as defined by my prior order (ECF No. 25, PageID.418)] paid DONC any fee related to the real estate's sale[,]" (ECF No. 28-2, PageID.453), then Plaintiff may serve related Requests for Admission on or before **October 13, 2021.**

Finally, while Plaintiff did not produce clear and convincing evidence that Defendants committed contemptible conduct in regard to the Court's prior order, *Electrical Workers Pension Trust Fund of Local Union # 58, IBEW v. Gary's Elec. Service Co.*, 340 F.3d 373, 378 (6th Cir. 2003), Plaintiff's request for "attorneys' fees and costs incurred in connection with this Motion" is **GRANTED IN PART** as consistent with Fed. R. Civ. P 37(a)(5)(C) and as an appropriate sanction under Rule 37(b)(2)(C), in conjunction with the other relief granted herein. During the hearing, and in response to the Court's questions, Plaintiff's counsel identified nearly twenty-three hours of work related to the instant motion. Based on Plaintiff's success as to one of the four discovery requests at issue, the Court determined that compensation for six hours was reasonable. Moreover, consistent

with the Court's prior order, the Court concluded that an hourly rate of $325 was reasonable. (ECF No. 25, PageID.420.) Defense counsel was given an opportunity to be heard on this issue and agreed that six hours was reasonable. The Court **ORDERS** that Plaintiff be reimbursed in the amount of **$1,950.00**, to be paid by Defendants BPH and Gendre to the law firm representing Plaintiff – Clark Hill PLC (500 Woodward Ave, Suite 3500, Detroit, MI 48226). Defendants shall provide this payment no later than **October 6, 2021**.

    IT IS SO ORDERED.[1]

Dated: September 24, 2021

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[1] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).